# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00282-CV

### E. E., Appellant

### v.

### Texas Department of Family and Protective Services, Appellee

## FROM THE 146TH DISTRICT COURT OF BELL COUNTY
## NO. 299,334-B, THE HONORABLE JACK WELDON JONES, JUDGE PRESIDING

## D I S S E N T I N G   O P I N I O N

Although I agree with the legal sufficiency review performed by the Court, I respectfully disagree with the factual sufficiency. Accordingly, I dissent from the Court's opinion and judgment.

In this case, the trial court was not confronted with a situation in which a parent simply tested positive for illegal drug use; on the contrary, evidence was presented establishing that Mother and Son *both* tested positive for amphetamines shortly after Son was born and that Mother admitted to using illegal drugs while pregnant with Son. As the Court points out in its Background section, Mother admittedly used illegal drugs "two to three days prior to coming in for delivery."

Unlike for simple drug use, the legislature has specifically addressed circumstances like these and determined that consuming illegal drugs while pregnant in an

amount sufficient to show up in testing performed on the baby to be an act so serious as to qualify as a ground for termination on its own accord. *See* Tex. Fam. Code § 161.001(a), (b)(1)(R) (explaining that parental rights may be terminated if parent caused child to be born addicted to controlled substance and that child being born addicted to controlled substance is evidenced by being born to mother who used controlled substance and "exhibit[ing] the demonstrable presence of . . . a controlled substance in the child's bodily fluids"); *see also In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002) (providing that evidence pertaining to statutory ground for termination may also be probative of best-interest prong). In addition to the evidence establishing this type of behavior, other evidence showed that Mother tested positive for illegal drug use multiple times through the pendency of this case, missed multiple drug tests, and had a negative diluted test.

The Court correctly highlights in its sufficiency analysis that Mother had shown improvement, been drug-free for a significant period of time, and completed most of the services required by the Department. However, given the very concerning nature of Mother's conduct while pregnant and her continued drug use after giving birth to Son, I cannot agree with the Court's determination that weighing the disputed evidence contrary to the trial court's best-interest determination against the evidence favoring that determination leads to a conclusion that the court could not have formed a firm belief that termination of Mother's parental rights was in the best interest of the children. *See In re S.S.*, No. 04-18-00325-CV, 2018 WL 6182852, at *6 (Tex. App.—San Antonio Nov. 28, 2018, no pet.) (mem. op.) (determining that evidence was sufficient to support termination order where evidence showed, among other things, that mother used drugs before and after children's birth and that mother tested positive for drugs on more than one occasion during pendency of case).

2

For these reasons, I respectfully dissent from the Court's opinion and judgment.


_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Smith

Filed:   October 29, 2021